United States District Court
Southern District of Texas
**ENTERED**
December 17, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:21-cr-575-1 |
| | § | |
| HERIBERTO LATIGO, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM, RECOMMENDATION, AND ORDER

Pending before the Court is *pro se* Defendant Heriberto Latigo's ("Defendant") Motion for Judicial Notice of Adjudicated Facts (ECF No. 294), Motion to Unseal Documents (ECF No. 298), Motion to Abate Appeal (ECF No. 299), and Motion for Sanctions (ECF No. 301).  The Court reviewed the aforementioned filings and held a discovery hearing on December 12, 2025.  Consistent with the hearing, the Court rules as follows.  The Court **ORDERS** that the Motion for Judicial Notice of Adjudicated Facts (ECF No. 294) be **DENIED**, the Motion to Unseal Documents (ECF No. 298) be **GRANTED IN PART AND DENIED IN PART**, and the Motion for Sanctions (ECF No. 301) be **DENIED**.  The Court further **RECOMMENDS** the Motion to Abate Appeal (ECF No. 299) be **GRANTED**.

**I.     Motion for Judicial Notice of Adjudicated Facts (ECF No. 294)**

First, Defendant requests the Court to take "judicial notice" of

Government counsel's statements and representations made in prior hearings and filings. (ECF No. 294; *see also* ECF Nos. 256, 291). Specifically, in response to Defendant's motions to compel the Government to produce certain *Brady/Giglio* material (ECF Nos. 248, 252), the Government represented it did not have in its possession the material or evidence that Defendant requested. Defendant therefore requests the Court to take "judicial notice" of the Government's representations that the requested material pertaining to numerous factual allegations does not exist. (ECF No. 294).

However, as discussed at the December 12, 2025 hearing on the instant motions, under the rules of evidence, a court may take judicial notice of "a fact that is not subject to reasonable dispute." *See* FED. R. EVID. 201(b). Such a fact is indisputable because it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* First, Defendant's requests for judicial notice are discovery related. Discovery materials are not proper subjects for judicial notice. *See Callaway v. City of Austin*, No. 15-cv-103, 2015 WL 4323174, at *7 n.4 (W.D. Tex. July 14, 2015); *Davis v. Kissinger*, No. 04-cv-878, 2015 WL 5734445, at *2 n.1 (E.D. Cal. Sep. 29, 2015) ("Discovery matters are not a proper subject for judicial notice.") (additional citations omitted). Second, within Defendant's requests for

2

judicial notice, are factual assertions that do not satisfy the Rule 201 standard. *See Smith v. City of Princeton Texas*, No. 417-cv-00085, 2020 WL 4275271, at *5 (E.D. Tex. July 1, 2020), *report and recommendation adopted sub nom. Smith v. City of Princeton*, No. 4:17-cv-85, 2020 WL 4261788 (E.D. Tex. July 24, 2020) (finding plaintiff's requests that the court take judicial notice of arguments and disputed factual assertions against defendant were not properly made the subject of Federal Rule of Evidence 201); *McCorstin v. U.S. Dep't of Labor*, 630 F.2d 242, 244 (5th Cir. 1980) (stating, in response to the plaintiff's request that the court take judicial notice "that [the defendant] committed perjury in her affidavit," that "[a]n allegation of perjury clearly is not contemplated by the judicial notice rule"); *cf. Gross v. United States*, No. 2:20-cv-00192, 2022 WL 425977, at *3 (S.D. Tex. Feb. 10, 2022), *aff'd*, No. 22-40230, 2023 WL 2401585 (5th Cir. Mar. 8, 2023) (taking judicial notice of the indictment, plea agreement, factual résumé, and criminal judgment).

While the Court acknowledges Defendant's position that the Government has no records pertaining to Defendant's requests, the Court refrains from taking judicial notice of such requests, as written, as doing so would improperly comment on the accuracy of the factual assertions Defendant makes in each request. Merely because the Government may not have records pertaining to Defendant's requests does not mean the factual assertions within

can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) (explaining a court may take judicial notice of the existence of public records, but it may not take notice of the veracity of the arguments and disputed facts contained therein). Moreover, "[a] court may not take judicial notice of one party's opinion of how a matter of public record should be interpreted." *Id.* Accordingly, Defendant's motion is denied as Defendant's voluminous requests for judicial notice are discovery related and contain factual assertions of whose veracity this Court, in its discretion, will not take judicial notice.[1]   (ECF No. 294).

## II.   Motion to Unseal Documents (ECF No. 298)

Second, Defendant requests that the Court unseal several filings in this case.   (ECF No. 298 at 1–2).   Consistent with the December 12, 2025 hearing and reasons stated on the record,[2] the Court makes the following rulings: ECF Nos. 50, 51 **will remain sealed**; ECF No. 154 **will remain sealed**, per the District Judge's order; ECF Nos. 53, 55, 64, 104, 108, 110, 112, 114–117, 122,

---

[1] Although the Court will not take judicial notice of the issues cited by Defendant, it does not prevent Defendant from addressing the lack of evidence, if relevant, in future proceedings (*e.g.*, hearings, motions, testimony) and advising the Court accordingly.

[2] To the extent any issues of attorney-client privilege, personal privacy interests, or HIPAA concerns are implicated, Defendant made a knowing and voluntary limited in-court waiver of these protections with respect to the filings he requested be unsealed.

4

127,[3] 129, 147, 152, 168, 177, 177-1, 177-2, 187, 190, 193, 200 **shall be unsealed**.  As to ECF Nos. 103 and 177-3, the Court directs the Government to review these filings prior to unsealing; if the Government has no objection, it needs to advise the Court in writing and the filings shall be unsealed.  If the Government objects, it needs to identity the specific portion that needs to be sealed and file a redacted copy.  The Court further advises the Government to review the aforementioned unsealed filings and, if required, to file a motion to seal explaining why it believes continued sealing is necessary or file a redacted copy of the filing, explaining why redactions are needed.  As such, the Court grants in part and denies in part Defendant's motion to unseal documents. (ECF No. 298).

### III.  Motion to Abate Appeal (ECF No. 299)

Third, Defendant filed a motion to "abate" (ECF No. 299) the appeal to the District Judge, filed at ECF No. 273, as to the Undersigned's Order and Recommendation dated September 29, 2025 (ECF No. 259).  At the hearing, Defendant clarified his motion is intended to dismiss his "appeal" of the September 29 Order and Recommendation to the District Judge.  As such, the Court recommends granting Defendant's motion.  (ECF No. 299).

---

[3] After review during the hearing, the Government advised that it had no objection to the unsealing of ECF No. 127, and the Court therefore directs that this filing be unsealed.

## IV. Motion for Sanctions (ECF No. 301)

Finally, Defendant seeks "sanctions against the [Government] for filing the following frivolous motions Dkt. 211, 254, and 269 for the specific purpose of concealing the violation of federal laws." (ECF No. 301 at 1). First, the Court notes that Federal Rule of Civil Procedure 11 does not provide a ground for imposing sanctions against a prosecutor in a criminal case. *United States v. Heon Jong Yoo*, No. 6:18-cr-16, 2018 WL 9362564, at *2 (E.D. Tex. Nov. 8, 2018). Next, for the reasons stated at the hearing, and because the Court finds no sanctionable conduct on the Government's part, Defendant's motion for sanctions is denied. (ECF No. 301).

As discussed at the hearing, to the extent Defendant seeks the production of certain evidence yet to be delivered in accordance with the Court's prior orders (*e.g.*, electronic information, manuscript, website imaging, Google email account information, *Brady/Giglio* material stemming from FBI 302 Forms, etc.), the Court orders the Government to deliver the discovery **within one week from the date of this Order**. The Government did acknowledge its attempts to provide this evidence to Defendant at the Federal Detention Center, but was having difficulties in getting copies to him.[4] As to

---

[4] Of note, the Government has filed a notice stating it will provide Defendant some seized electronic devices and copies of imaging of other electronic devices. (ECF No. 307).

6

Defendant's electronic devices seized from executed search warrants, the Court directs the Government to return the devices to Defendant's mother; Defendant can then work with standby counsel to review the devices in his mother's possession.

## V. Conclusion

Accordingly, the Court **ORDERS** that the Motion for Judicial Notice of Adjudicated Facts (ECF No. 294) be **DENIED**, the Motion to Unseal Documents (ECF No. 298) be **GRANTED IN PART AND DENIED IN PART**, and the Motion for Sanctions (ECF No. 301) be **DENIED**. The Court further **RECOMMENDS** the Motion to Abate Appeal (ECF No. 299) be **GRANTED**.

The Clerk shall send copies of this Memorandum, Recommendation, and Order to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

It is **SO ORDERED**.

**SIGNED** on December 17, 2025, at Houston, Texas.

_____
Richard W. Bennett
United States Magistrate Judge